## No. 7386.

SUCCESSION OF DANIEL GEHR. ON OPPOSITION OF LEOPOLD GEHR.

An inventory of a succession is not one of those acts that cannot be contradicted by parol evidence. Even the notary and the witnesses who signed it may shew it not to be true, or may explain how it is true. The homologation by the court of the annual accounts of a tutor filed by him contradictorily with the under-tutor, are *prima facie* evidence of the correctness of the accounts, but he must, nevertheless, render a final account when his ward attains majority or is legally emancipated, and when, the tutor having been destituted, the judge has ordered him to render an account. The law does not compel the tutor to file an account at any other time.

An action does not lie for a relative of the minors against their mother and natural tutrix, and against their maternal grandfather, appointed their under-tutor, to cancel and revoke the order of the Probate Court confirming the one and appointing the other, on the grounds that the appraisement of property in the inventory was made in block and not in detail, or that the separate property of the father was not appraised apart from the community, or that the inventory was incomplete. The details of the inventory do not bind the minors, and it is not to be presumed in advance that the mother contemplates infidelity to her children's interests.

APPEAL from the Parish Court of Rapides. THORNTON, J.

*White* for Tutrix. *R. A. Hunter* for Opponent Appellant.

Daniel Gehr dying left a widow and two young children. Her father was appointed under-tutor. She was confirmed natural tutrix. The inventory was mainly of a stock of groceries appraised thereon as if in block, but they had been really valued in detail by the appraisers, and the aggregate only set out in the inventory. Leopold, a brother of the deceased, brought an action to annul and cancel the appointment and qualification of the tutor and under-tutor and set aside the inventory, by way of opposition in the succession proceedings.

It was dismissed but at the costs of the succession.

DE BLANC, J., delivered the opinion, amending the judgment by throwing the costs of both courts upon the opponent.